**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4292**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FELECITAL VALLADARES,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Greenville.   G. Ross Anderson, Jr., District Judge.   (CR-03-703)

———————————

Submitted:  July 11, 2005          Decided:  January 24, 2006

———————————

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John G. Reckenbeil, HODGE LAW FIRM, P.A., Spartanburg, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Felecital Valladares appeals from her conviction and sentence entered pursuant to her guilty plea to conspiracy to possess with intent to distribute cocaine and marijuana. Her counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether the Fed. R. Crim. P. 11 hearing was properly conducted. Valladares was informed of her right to file a pro se supplemental brief, but she has not done so.

In district court, Valladares did not challenge the voluntariness of her plea or the adequacy of the court's Rule 11 hearing. Accordingly, this claim is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A plea is presumed to be final and binding if the Rule 11 hearing is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We find that the record establishes that the Rule 11 hearing was adequate and that the district court did not err in accepting Valladares' plea.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Valladares' conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED